cIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KATHLEEN F. CAHILL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 6:15-CV-01003-EFM-JPO |
| COFFEYVILLE REGIONAL | ) | |
| MEDICAL CENTER, INC. | ) | |
| Defendant. | ) | |

## JOINTLY PROPOSED PROTECTIVE ORDER

NOW on this 22nd day of May, 2015, pursuant to the stipulation and agreement of the parties it is hereby ordered that all information and documents produced or received by the parties, if designated "CONFIDENTIAL," shall be used solely for the purpose of this litigation, and shall be treated as set forth in the following paragraphs.

1.  "CONFIDENTIAL" information as used herein means medical information, financial information, proprietary information or trade secrets, personnel files and other confidential information of a party to this action or third person that is not otherwise publicly available whether produced pursuant to the Federal Rules of Civil Procedure, any discovery request, subpoena, court order, or in testimony given in a deposition, hearing, or trial in this case. Information or documents that are available to the public may not be designated as CONFIDENTIAL. Information designated CONFIDENTIAL may be viewed by the Court, court reporters, the parties' outside counsel and members of their firms, the parties' retained and unretained experts, and the parties themselves, provided, however, that the parties and their retained and unretained experts must sign the Undertaking Concerning Receipt of Confidential Materials Subject to Protective Order attached hereto as Exhibit A

1

prior to receiving or viewing any information designated by an opposing party as CONFIDENTIAL.

2. Good cause is shown for the need of this Protective Order in that the parties will likely exchange information which may or will require disclosures of trade secrets or other proprietary and sensitive information.

3. A person or entity producing or exchanging a document, or copy thereof, may designate the same as CONFIDENTIAL, by marking the cover or first page with a CONFIDENTIAL designation.  Any party may designate as CONFIDENTIAL, any information disclosed in interrogatory responses or other discovery by also designating as CONFIDENTIAL portions of the discovery responses.

4. <u>Disputes Concerning Designated Discovery Material</u>.  A party may at any time challenge the designation or classification of Designated Discovery Material by serving a written objection upon the designating party. If, after the parties' counsel have discussed the matter by telephone or in person, the parties are unable to resolve a dispute concerning designation or classification by agreement within ten (10) calendar days, a party may seek relief from the Court.  Designated Discovery Material challenged as improperly designated or classified shall nonetheless be treated pursuant to its classification and remain subject to the provisions of this Protective Order until otherwise ordered by the Court or upon agreement of the parties concerning the challenge.  Although under this Protective Order the party opposing or challenging the designation or classification must initiate filing of a motion with the Court, the burden of proof shall remain upon the designating party to establish that the information sought to be protected meets the standards set forth in this Protective Order.

5.      Information Not Obtained Through Discovery.  Nothing in this Protective Order shall impose any restrictions on the use or disclosure by a party of documents or information obtained by such party independently of the discovery proceedings in this action, or which has become part of the public domain.

6.      Disclosure.  In addition to other requirements imposed by this Protective Order, each person given access to Designated Discovery Material pursuant to the terms of this Protective Order shall use such Designated Discovery Material only for the purposes of this litigation, and shall not disclose or discuss such Designated Discovery Material with any persons other than those already subject to the terms of this Protective Order.

7.      No Bar to Advice.  Nothing in this Protective Order shall bar or otherwise restrict any outside counsel from rendering advice to a party-client in this litigation and, in the course thereof, relying upon such counsel's examination and/or analysis of Discovery Material designated CONFIDENTIAL, provided, however, that in rendering such advice and in otherwise communicating with such client, such counsel shall not disclose any CONFIDENTIAL information to persons not authorized to receive it pursuant to the terms of this Protective Order.

8.      Designated Deposition Testimony.  All deposition testimony may be designated, but only if applicable, as follows:

(a)     Designated Discovery Materials.  Any testimony given in any discovery proceeding in this action may be designated CONFIDENTIAL by making such designation on the record.  A party also may make such designation in writing to the reporter if the designations are made within thirty (30) calendar days after the transcript has been made available to counsel for the party making the designation and a notice of such designation

is sent to opposing counsel. Whenever any document designated CONFIDENTIAL is identified as an exhibit in connection with testimony given in a discovery proceeding, it shall be so marked and sealed in a separate envelope.

(b)     <u>Transcripts</u>.  Each portion of a deposition transcript in which Designated Discovery Material is discussed, referred to, disclosed, or introduced as an exhibit, containing testimony classified in accordance with paragraph 8(a) hereof, shall be separately bound and sealed, together with any document introduced as an exhibit in that portion of the deposition, and shall itself be treated in the manner in which Designated Discovery Material is treated under this Protective Order.

(c)     <u>Presumption of Classification</u>.  All testimony elicited and exhibits introduced during any discovery proceeding in this action shall be deemed CONFIDENTIAL, unless otherwise designated, until the expiration of thirty (30) calendar days after the transcript of such testimony has been received by all counsel.  If no designation is made before the expiration of thirty (30) calendar days after the transcript has been received by all counsel, the subject testimony will not be treated as CONFIDENTIAL as defined in this Protective Order.

9.     <u>Designation at Hearing or Trial.</u>     A party that intends to introduce its own Designated Discovery Material at a hearing or trial shall be responsible for taking appropriate measures consistent with this Protective Order to maintain its confidentiality when presenting such material to the Court.  In the event that a party intends to introduce an opponent's Designated Discovery Material, it shall notify the opponent prior to the time at which it intends to introduce the opponent's Designated Discovery Material and take appropriate measures consistent with this Protective Order to maintain its confidentiality when presenting such material to the Court.

4

10. <u>Persons Who May Be Excluded During Oral Testimony</u>. Whenever Discovery Material designated CONFIDENTIAL is to be referred to or disclosed in a discovery proceeding, any party asserting these classifications may exclude from the room any person who is not entitled to receive CONFIDENTIAL information.

11. <u>Filing Under Seal.</u>  If any party or counsel for any party wishes to disclose any CONFIDENTIAL information in any paper to be filed with the Court, including without limitation, motions, briefs, or declarations, such papers or transcripts may be filed under seal only upon separate, specific motion and later order of the Court.  For purposes of this paragraph, if any party or counsel for any party intends to submit any motion, brief, or declaration, or other paper disclosing the CONFIDENTIAL information, such disclosing party shall contemporaneously file a motion provided for in this paragraph requesting that the Designated Discovery Material be filed under seal.  Any party whose Designated Discovery Material is being disclosed in a submission to the Court may join the submitting party's motion asking that the material be filed under seal or submit its own motion seeking such protection.  If a request to file material under seal is granted, all parties to this case shall cooperate with the Court and the Clerk in filing such material and in following the court's administrative procedures for electronically filing documents under seal in civil cases.

13. <u>Order Effective Upon Signing</u>. This Protective Order is immediately binding on the parties upon its filing with the Court.  The parties to this Protective Order agree to act pursuant to the terms of this Protective Order pending its approval by the Court.  Nothing in this Protective Order shall enlarge or impair any party's remedies with respect to any violation of this Protective Order.

14. <u>Receiving Party's Duty to Return or Destroy All Information Received after Final Resolution of this Case</u>.  A party that receives Designated Discovery Material in this case from the opposing party shall destroy or return to the disclosing party all such Designated Discovery Material within sixty (60) days after the final resolution of this case.  Final resolution of this case shall include any dismissal of this case with prejudice as well as any final judgment and exhaustion of all appeals.  This paragraph shall not prohibit an attorney from complying with record-keeping requirement promulgated by statutes, regulations, or bar rules.

IT IS SO ORDERED.

Dated May 22, 2015.

        s/ James P. O'Hara
The Honorable James P. O'Hara
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| KATHLEEN F. CAHILL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 6:15-CV-01003-EFM-JPO |
| COFFEYVILLE REGIONAL | ) | |
| MEDICAL CENTER, INC. | ) | |
| Defendant. | ) | |

**UNDERTAKING CONCERNING RECEIPT OF CONFIDENTIAL**
**MATERIALS SUBJECT TO PROTECTIVE ORDER**

I, _____, declare as follows:

    1.    My present residential address is _____.

    2.    My present employer is _____.

    3.    My present occupation or job description is _____ and the address of my employer is _____.

    4.    I have received and carefully read the Protective Order in this Action dated _____, 2015 ("Protective Order"), and I am familiar with and understand and agree to comply with and be bound by the terms, conditions, provisions, and restrictions set forth in the Protective Order (collectively, the "provisions"). I understand that by signing this Undertaking and agreeing to be bound by the provisions of the Protective Order, I am obligated to hold in confidence and not to disclose the contents of any document marked or later designated pursuant to the Protective Order as CONFIDENTIAL ("Confidential Material") to persons other than those specifically authorized by the Protective Order. I further understand

7

that I am not to disclose any words, substances, summaries, abstracts, or indices of the Confidential Material disclosed to me. In addition to the forgoing, I understand that I must abide by all provisions of the Protective Order.

5. I will retain all Confidential Material in a secure manner, and all documents, including copies, are to remain in my personal custody until I have completed my assigned duties, whereupon the documents and any writings prepared by me containing any Confidential Material are to be returned to counsel who provided me with such material and/or destroyed. I also agree to notify any necessary stenographic, support, or clerical personnel of the provisions of the Protective Order.

6. I will not copy or use any Confidential Material and/or information obtained pursuant to the Protective Order except solely for the purpose of this Action.

7. I hereby represent that I have never been employed by or worked with, as a consultant or otherwise, the party that has disclosed such information.

8. I understand that if I violate the provisions of the Protective Order and thereby violate the provisions of this Undertaking, I will be potentially liable in a civil action for damages by the disclosing party and any other appropriate remedies.

Signed under the pains and penalties of perjury this _____ day of _____, 2015.

By: _____
Signature

_____
Print Name